**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

ROTOLIGHT LIMITED,                    |
      Plaintiff,                    |
                     |
v.                    |                    Case No.
                     |
CHAUVET & SONS, LLC , f/k/a         |                    **JURY TRIAL DEMANDED**
CHAUVET & SONS, INC.,               |
                     |
      Defendant.                    |

## COMPLAINT FOR PATENT INFRINGEMENT

Rotolight Limited ("Rotolight" or "Plaintiff"), by and through its attorneys, for its Complaint for patent infringement against Chauvet & Sons, LLC f/k/a Chauvet & Sons, Inc. (collectively, "Chauvet" or "Defendant"), and demanding trial by jury, hereby alleges, on information and belief with regard to the actions of Defendant and on knowledge with regard to its own actions, as follows:

### I.    INTRODUCTION

1.    Plaintiff brings this patent infringement action to protect its valuable patent technology relating to innovative lighting systems and special effect solutions for top cinematic productions.

2.    Rotolight manufactures, and sells world-wide its award-winning, patented LED lights containing advanced, patented technology for use in film, TV, and special effect cinematography.

3.    Rotolight is a family owned business based in the UK and has been recognized for its innovation and advancement of engineering excellence in the television and film industry.

4.    Rotolight's products are used regularly by leading broadcasters and film production companies including Netflix, Amazon Studios, Sky, BBC, RAI, and ITV.

5.     Rotolight won, amongst many other awards, the prestigious Cinec Lighting Engineering Award for "outstanding and market-ready achievements and innovations in motion picture and post-production technology."

6.     Rotolight was the first to market to have user customizable cinematic special effects integrated in its LED lights for the film and TV industries, which saves filmmakers, cinematographers, and lighting gaffers considerable time and money on set by simplifying their workflows by eliminating the need for complicated and expensive traditional "flicker box" effect generators, and other equipment typically associated with special effects using conventional lighting technology.

7.     Rotolight has been consistently recognized for its innovation and advancement of engineering excellence in the broadcast market, has won over 30 international awards from leading industry publications, and has been awarded over 40 patents.

8.     Cinematic Special Effects, "CineSFX" is a registered trademark of Rotolight Limited.

## II.     NATURE OF THE ACTION

9.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to enjoin and obtain damages resulting from Defendant's unauthorized use, sale, and offer to sell in the United States, of products, methods, processes, services and/or systems that infringe Plaintiff's United States patents, as described herein.

10.     Defendant, individually and collectively as a common business enterprise, manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products and services, and encourages others to use their products and services in an infringing manner, as set forth herein.

11.     Plaintiff seeks to enjoin Defendant and also past and future damages and prejudgment and post-judgment interest for Defendant's infringement of the Asserted Patents, as defined below.

### III.    PARTIES

12.     Plaintiff Rotolight Limited is a limited company organized and existing under the law of the England, with its principal place of business located Wooburn Industrial Park, Unit 10, Thomas Road, High Wycombe, Buckinghamshire, England, HP10 0PE.

13.     Rotolight is the owner of the entire right, title, and interest of the Asserted Patents, as defined below.

14.     On information and belief, Defendant Chauvet is a Delaware Limited Liability Company with its principal place of business at 5200 NW 108th Ave., Sunrise, Florida 33351.

15.     On September 2, 2021, Chauvet announced its acquisition of Kino Flo, Inc. d/b/a Kino Flo Lighting Systems ("Kinoflo").  Kinoflo is a manufacturer of lighting systems engineered for cinema and television production.

16.     On information and belief, Defendant was formally known as Chauvet & Sons, Inc.

17.     On information and belief, Chauvet and Kinoflo operate as a common business enterprise with substantial disregard of the separate nature of the corporate entities.

18.     On information and belief, Chauvet and Kinoflo operate as a common business enterprise as there is ambiguity about the manner and capacity in which Chauvet and Kinoflo and their respective representatives are acting.

19.     Defendant has incorporated Rotolight's intellectual property, including the Asserted Patents, into its products as early as 2018.  Kinoflo announced the following:

"We wanted to take some of the same lighting effects that board operators program remotely for motion picture or television productions and make the effects accessible onboard our Celeb, FreeStyle and Diva-Lite LED products," said Frieder Hochheim, president and founder of Kino Flo Lighting Systems. "We will continue to add features like FX lighting to our LED lighting systems to ensure customer's Kino Flo lighting tools stay sharp."

https://www.gtc.org.uk/news-and-features/sponsor-news/kino-flo-plays-with-fire.aspx

20.     Defendant's infringement is set forth in more detail below.

### IV.     JURISDICTION AND VENUE

21.     This is an action for patent infringement that arises under the patent laws of the United States, in particular, 35 U.S.C. §§ 271, 281, 283, 284, and 285.

22.     This Court has exclusive jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

23.     This Court has personal jurisdiction over Chauvet in this action because Chauvet is incorporated in this District.   Chauvet directly and/or through subsidiaries or intermediaries (including distributors, retailers, and others), has committed and continues to commit acts of infringement in this District by, among other things, offering to sell and selling products and/or services that infringe the Asserted Patents.

24.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b). Chauvet is incorporated in the State of Delaware, and upon information and belief, has transacted business in the District of Delaware and has committed acts of direct and indirect infringement in this District.

### V.     COUNTS OF PATENT INFRINGEMENT

25.    Plaintiff alleges that Defendant has infringed and continues to infringe the following United States patents (collectively, the "Asserted Patents"):

United States Patent No. 10,197,257 (the "'257 Patent") (Exhibit A)
United States Patent No. 10,197,258 (the "'258 Patent") (Exhibit B)
United States Patent No. 10,845,044 (the "'044 Patent") (Exhibit C)

**COUNT ONE**
**INFRINGEMENT OF U.S. PATENT 10,197,257**

26.    Plaintiff incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.

27.    The '257 Patent, entitled "Lighting System and Control Thereof," was filed on November 22, 2017, claims priority to a provisional application filed on April 8, 2016, and issued on February 5, 2019.

28.    Plaintiff is the assignee and owner of all rights, title, and interest to the '257 Patent, including the right to recover for past infringements, and has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

**Technical Description**

29.    The '257 Patent claims a "method for controlling a lighting device to produce a range of user customizable realistic lighting effects for videography, broadcasting, cinematography, studio filming and/or location filming" '257 Patent, Abstract.

30.    The '257 Patent provides a technical solution to prior art problems by, among other improvements, eliminating the need for a separate flicker box, which is independent of a lighting device, that is used to produce flickering light effects to mimic flickering light for example from a fireplace, candle, electrical spark or lightning for on set television/broadcast production use. '257 Patent, 1:18-41.

**Direct Infringement**

31.     Defendant, individually and collectively as a common business enterprise and without authorization or license from Plaintiff, has been and is directly infringing the '257 Patent, either literally or equivalently, as infringement is defined by 35 U.S.C. § 271, including through making, using (including for testing purposes), importing, selling, and offering for sale lighting devices that infringe one or more claims of the '257 Patent. Defendant, individually and collectively as a common business enterprise, developps, design, manufactures, sells, and distributes lighting devices that infringe one or more claims of the '257 Patent.  Defendant further provides services that practice methods that infringe one or more claims of the '257 Patent. Defendant is thus liable for direct infringement pursuant to 35 U.S.C. § 271. An exemplary infringing product includes, but is not limited to, the Kinoflo FreeStyle T44/T24, Celeb 250,450,450Q,850, Diva-Lite 41/31/21, Diva-Lite 30/20, FreeStyle T44/T42/T41/T24/T22/T21, FreeStyle 41/31/21/Mini, Image L80/L40, Select 30/20, and all other substantially similar products (collectively the "'257 Accused Products").

32.     Plaintiff names these exemplary infringing instrumentalities to serve as notice of Defendant's' infringing acts, but Plaintiff reserves the right to name additional infringing products, known to or learned by Plaintiff or revealed during discovery, and include them in the definition of '257 Accused Products.

33.     Defendant is liable for direct infringement pursuant to 35 U.S.C. § 271 for the manufacture, sale, offer for sale, importation, or distribution of the '257 Accused Products and other similar products.

34.     The '257 Accused Products are non-limiting examples of lighting systems that meet all limitations of at least claim 1 of the '257 Patent, either literally or equivalently.

35.    The '257 Accused Products comprises a method for controlling a lighting device to produce a user customisable lighting effect.



https://kinoflo.com/freestyle-t44-t24-led/

# FreeStyle T44/T24 LED Features

- Color Rendering TLCI >96, CRI >96, TM-30-18 Rf=95, Rg=103
- Kelvin presets
- Dial-in color temperature control between 2500K-9900K
- Green/Magenta Control
- Hue angle and Saturation adjustments
- Kino Flo presets and Gels
- RGB control
- CIE xy
- FX Control
- Camera Profiles LUTs
- Color Space
- Works with Apps with predetermined RGB presets or color wheels
- Can use preset buttons to store custom Kelvin settings
- Light levels do not change when selecting Kelvin settings
- No color shift while dimming
- Universal input 100VAC-240VAC or 24VDC
- Energy efficient, draws 1.25A, 120VAC and 6.25A, 24VDC
- Flicker-free, quiet operation
- Full range onboard and DMX dimming
- DMX wireless link (Lumen Radio®)

- DMX Auto Terminate
- The firmware is updatable from a PC using the Mini B USB data Port

https://kinoflo.com/freestyle-t44-t24-led/



*Operation Manual, True Match Firmware 5.0, p. 14*

**A) Menu:**
   Provides access to menu options such as General settings (**FX Mode**), Reset, DMX and DMX Wireless Camera LUT and Color Space. Shortcut: While on control screen, press and hold for 3 seconds to switch through menus (**White, Gels & Hue, RGB, CIE xy** and **FX**).

**B) Mode:**
   After selecting General menu and choosing FX Mode, press the green Mode button to access specific effects and navigate options.

FX (Effects) menu includes 8 modes of operation. Within each mode, there are also pre-programmed "Types" to provide variation.

Additional controls are also provided to manipulate the functions to your specific requirements.  In addition, each mode has 4-memory buttons to store custom effects.

The FX Modes are:

1.    Candle
2.    Fire
3.    TV
4.    Police
5.    Lightning
6.    Paparazzi
7.    Pulse
8.    Scroll

*Operation Manual, True Match Firmware 5.0, p. 14*

36.    The '257 Accused Products comprise an effect simulator adapted to calculate a time varying lighting value based on at least one simulation parameter; wherein said at least one simulation parameter characterizes a user customisable lighting effect selected from a range of different user customisable lighting effects for at least one of: videography, broadcasting, cinematography, studio filming, and location filming; wherein the at least one simulation parameter is at least one of: a random brightness; a random duration; and a random interval; said simulation parameter depending on the user customisable lighting effect being simulated:

Kino Flo® Lighting Systems' True Match® FreeStyle LED tubes are specially designed for operation in FreeStyle T44 & T24 fixtures for film production or stage design lighting. The FreeStyle LED tubes display Kino Flo's True Match white light and RGBWW color management system found in Kino Flo's LED lighting fixtures.

https://kinoflo.com/freestyle-t44-t24-led/

37. The '257 Accused Products' "lightning" and "paparazzi" modes, for example, vary over time and are generated based on the adjusted effect parameters:

## 5 Lightning Mode

The **Lightning Mode** is to simulate lightning effect.  In addition to dimming, the Kelvin can be set to a Kelvin range of 2500K to 9900K. The default Kelvin for the pre-programmed types is 6500K.

There are 2 types of lightning effects **Storm** and **Frankenstein**. The Storm effect is to simulate a thunderstorm and Frankenstein has more intense, brighter flashes.

There is one control parameter which is **Rate** that is scaled between 1 to 20 with 20 having the most variation in the lighting sequences.

Note: If you want to trigger or cue a lightning effect, can use the power button to start the lighting sequence.  When power button is triggered, the pattern/sequence will repeat each time the power button is used.

*Operation Manual, True Match Firmware 5.0, p. 20*

## 6 Paparazzi Mode

The Paparazzi Mode is to simulate photographic flashes.  In addition to dimming, the Kelvin can be set to a Kelvin range of 2500K to 9900K. The default Kelvin for the pre-programmed types is 6500K.

There are 2 types of Paparazzi, **Red Carpet** and **Stalker**. Red Carpet has very quick, frequent, and random flashes.  Stalker has less frequent flashes (more pause between flashes).

Paparazzi has 2 Parameters **Rate** and **Flash**.  The Rate is scaled 1 to 100 with 100 being the fastest. The Flash is also scaled 1 to 100 with flash length of 100 being the longest.

Note: If you want to trigger or cue a flash effect, set to **Stalker** and use the power button to start the flash sequence.  When power button is triggered, the pattern/sequence will repeat each time the power button is used.

*Operation Manual, True Match Firmware 5.0, p. 21*

38. The '257 Accused Products further comprise outputting, from said effect simulator, said time varying lighting value thereby to simulate the user customisable lighting effect.

> **FX (Effects):** The FX (Effects) mode allows the fixture to be used to simulate different effects such as candle, fire, tv, police, lightning, paparazzi, pulse and scroll. Each effect has multiple parameter settings to change the desired look of the effect.
>
> Each of the DMX personalities allows color control using one of the above methods. There are a few other attributes of the personality that dictate the DMX operation.

*Operation Manual, True Match Firmware 5.0, p. 28*

### Willful Infringement

39.     Upon information and belief, Defendant has had actual knowledge (or should have been aware) of the '257 Patent and its infringement since at least February of 2023 when Rotolight approached Chauvet to take a license to its intellectual property.

40.     Further, Defendant has had actual knowledge of the '257 Patent and its infringement since at least service of Plaintiff's Complaint.

41.     Although Defendant has  incorporated Plaintiff's patented technology as set forth in this Complaint, Defendant has no license to use the technology described in Plaintiff's technical materials and claims disclosed in the patents, which are assigned to Plaintiff.

42.     Defendant's risk of infringement of the Asserted Patents was either known or was so obvious that it should have been known to Defendant.

43.     Notwithstanding this knowledge, Defendant has knowingly or with reckless disregard willfully infringed the '257 Patent. Defendant has thus had actual notice of the infringement of the '257 Patent and acted despite an objectively high likelihood that their actions constituted infringement of Plaintiff's valid patent rights, either literally or equivalently.

44.     This objective risk was either known or so obvious that it should have been known to Defendant. Accordingly, Defendant's infringement has been and continues to be willful, and Plaintiff seeks enhanced damages pursuant to 35 U.S.C. §§ 284 and 285.

### Indirect, Induced, and Contributory Infringement

45.    Defendant has induced and is knowingly inducing their distributors, customers, and/or end-users to directly infringe the '257 Patent, with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or equivalently.

46.    Defendant has knowingly contributed to direct infringement by their customers by having imported, sold, and/or offered for sale, and knowingly importing, selling, and/or offering to sell within the United States the '257 Accused Products which are not suitable for substantial non-infringing use and which are especially made or specially adapted for use by its customers in an infringement of the '257 Patent.

47.    Defendant's indirect infringement includes, for example, providing data sheets, technical guides, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end-users to directly infringe the '257 Patent.

48.    Defendant's indirect infringement additionally includes marketing their products for import by their customers into the United States. Defendant's indirect infringement further includes providing product specifications instructing its customers on infringing uses of the accused products. The '257 Accused Products are designed in such a way that when they are used for their intended purpose, the user infringes the '257 Patent, either literally or equivalently. Defendant knows and intends that customers who purchase the '257 Accused Products will use those products for their intended purpose. For example, Defendant's United States website, https://kinoflo.com,  instructs customers to use the '257 Accused Products in numerous infringing applications. Defendant's customers directly infringe the '257 Patent when they follow Defendant's provided instructions. Defendant specifically intends that their customers, such as

United States distributors, retailers and consumer product companies, will import, use, and sell infringing products in the United States to serve and develop the United States market for Defendant's infringing products.

49.     Defendant knows following their instructions directly infringes claims of the '257 Patent and Defendant's customers who follow Defendant's provided instructions directly infringe the '257 Patent.

50.     As a result of Defendant's infringement, Plaintiff has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 US.C. § 284.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT 10,197,258

51.     Plaintiff incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.

52.     The '258 Patent, entitled "Light System and Control Thereof," was filed on December 21, 2017, and issued on February 5, 2019.

53.     Plaintiff is the assignee and owner of all rights, title, and interest to the '258 Patent, including the right to recover for past infringements, and has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

### Technical Description

54.     The '258 Patent relates to a lighting system comprising: "a lighting device; and a controller for controlling the lighting device to produce user customizable realistic lighting effects, the controller comprising: a calculating device adapted to calculate a time varying lighting value based on at least one simulation parameter; and adapted to output said time varying lighting value

to said lighting device so as to simulate a user customizable realistic lighting effect; wherein said lighting device and said controller are integrated in a combined unit." '285 Patent, Abstract.

55.    The '258 Patent provides a technical solution to prior art problems by, among other improvements, eliminating the need for a separate flicker box, which is independent of a lighting device, that is used to produce flickering light effects to mimic flickering light for example from a fireplace, candle, electrical spark or lightning for on set television/broadcast production use. '258 Patent, 1:21-26.

### Direct Infringement

56.    Defendant, individually and collectively as a common business enterprise and without authorization or license from Plaintiff, has been and is directly infringing the '258 Patent, either literally or equivalently, as infringement is defined by 35 U.S.C. § 271, including through making, using (including for testing purposes), importing, selling, and offering for sale lighting devices that infringe one or more claims of the '258 Patent. Defendant, individually and collectively as a common business enterprise, develop, design, manufacture, sell, and distribute lighting devices that infringe one or more claims of the '258 Patent.  Defendant further provides services that practice methods that infringe one or more claims of the '258 Patent. Defendant is thus liable for direct infringement pursuant to 35 U.S.C. § 271. An exemplary infringing product includes, but is not limited to, the Kinoflo FreeStyle T44/T24, Celeb 250,450,450Q, 850, Diva-Lite 41/31/21, Diva-Lite 30/20, FreeStyle T44/T42/T41/T24/T22/T21, FreeStyle 41/31/21/Mini, Image L80/L40, Select 30/20,  and all other substantially similar products (collectively the "'258 Accused Products").

57.    Plaintiff names these exemplary infringing instrumentalities to serve as notice of Defendant's infringing acts, but Plaintiff reserves the right to name additional infringing products,

known to or learned by Plaintiff or revealed during discovery, and include them in the definition of '258 Accused Products.

58.     Defendant is liable for direct infringement pursuant to 35 U.S.C. § 271 for the manufacture, sale, offer for sale, importation, or distribution of the '258 Accused Products and other similar products.

59.     The '258 Accused Products are non-limiting examples of lighting systems that meet all limitations of at least claim 1 of the '258 Patent, either literally or equivalently.

60.     The '258 Accused Products include a lighting device:



https://kinoflo.com/freestyle-t44-t24-led/

Kino Flo® Lighting Systems' True Match® FreeStyle LED tubes are specially designed for operation in FreeStyle T44 & T24 fixtures for film production or stage design lighting. The FreeStyle LED tubes display Kino Flo's True Match white light and RGBWW color management system found in Kino Flo's LED lighting fixtures.

https://kinoflo.com/freestyle-t44-t24-led/

61.    The '258 Accused Products include a controller adapted to control the lighting device to produce a user customisable cinematic lighting special effect selected from a range of different user customisable cinematic lighting special effects, the controller comprising:



*Operation Manual, True Match Firmware 5.0, p. 14*

**A) Menu:**
   Provides access to menu options such as General settings
   (**FX Mode**), Reset, DMX and DMX Wireless Camera LUT and Color Space.
   Shortcut: While on control screen, press and hold for 3 seconds to switch
   through menus (**White, Gels & Hue, RGB, CIE xy** and **FX**).

**B) Mode:**
   After selecting General menu and choosing FX Mode, press the green Mode
   button to access specific effects and navigate options.

FX (Effects) menu includes 8 modes of operation. Within each mode, there are
also pre-programmed "Types" to provide variation.

Additional controls are also provided to manipulate the functions to your
specific requirements.  In addition, each mode has 4-memory buttons to
store custom effects.

The FX Modes are:

1.      Candle
2.      Fire
3.      TV
4.      Police
5.      Lightning
6.      Paparazzi
7.      Pulse
8.      Scroll

*Operation Manual, True Match Firmware 5.0, p. 14*

62.     The '258 Accused Products include a controller comprising an input interface for

receiving user input to enable a user to select user customisable cinematic lighting special effect

from said range of different user customisable cinematic lighting special effects:



*Operation Manual, True Match Firmware 5.0, p. 14*

---

**A) Menu:**
   Provides access to menu options such as General settings
   (**FX Mode**), Reset, DMX and DMX Wireless Camera LUT and Color Space.
   Shortcut: While on control screen, press and hold for 3 seconds to switch
   through menus (**White, Gels & Hue, RGB, CIE xy** and **FX**).

**B) Mode:**
   After selecting General menu and choosing FX Mode, press the green Mode
   button to access specific effects and navigate options.

FX (Effects) menu includes 8 modes of operation. Within each mode, there are
also pre-programmed "Types" to provide variation.

Additional controls are also provided to manipulate the functions to your
specific requirements.  In addition, each mode has 4-memory buttons to
store custom effects.

The FX Modes are:

1. Candle
2. Fire
3. TV
4. Police
5. Lightning
6. Paparazzi
7. Pulse
8. Scroll

---

*Operation Manual, True Match Firmware 5.0, p. 14*

63.    The '258 Accused Products include a controller comprising an effect simulator adapted to calculate a time varying lighting value based on at least one simulation parameter. The at least one simulation parameter depends on the selected user customisable cinematic lighting special effect being simulated and is adapted to output the time varying lighting value to the lighting device so as to simulate the selected user customisable cinematic lighting special effect:

Kino Flo® Lighting Systems' True Match® FreeStyle LED tubes are specially designed for operation in FreeStyle T44 & T24 fixtures for film production or stage design lighting. The FreeStyle LED tubes display Kino Flo's True Match white light and RGBWW color management system found in Kino Flo's LED lighting fixtures.

https://kinoflo.com/freestyle-t44-t24-led/

## 5 Lightning Mode

The **Lightning Mode** is to simulate lightning effect.  In addition to dimming, the Kelvin can be set to a Kelvin range of 2500K to 9900K. The default Kelvin for the pre-programmed types is 6500K.

There are 2 types of lightning effects **Storm** and **Frankenstein.** The Storm effect is to simulate a thunderstorm and Frankenstein has more intense, brighter flashes.

There is one control parameter which is **Rate** that is scaled between 1 to 20 with 20 having the most variation in the lighting sequences.

Note: If you want to trigger or cue a lightning effect, can use the power button to start the lighting sequence.  When power button is triggered, the pattern/sequence will repeat each time the power button is used.

*Operation Manual, True Match Firmware 5.0, p. 20*

64.    The '258 Accused Products calculate, using an effect simulator, a time varying lighting value based on at least one simulation parameter. For example:

## 5 Lightning Mode

The **Lightning Mode** is to simulate lightning effect.  In addition to dimming, the Kelvin can be set to a Kelvin range of 2500K to 9900K. The default Kelvin for the pre-programmed types is 6500K.

There are 2 types of lightning effects **Storm** and **Frankenstein.** The Storm effect is to simulate a thunderstorm and Frankenstein has more intense, brighter flashes.

There is one control parameter which is **Rate** that is scaled between 1 to 20 with 20 having the most variation in the lighting sequences.

Note: If you want to trigger or cue a lightning effect, can use the power button to start the lighting sequence.  When power button is triggered, the pattern/sequence will repeat each time the power button is used.

*Operation Manual, True Match Firmware 5.0, p. 20*

65.    The lighting device and controller are integrated in a combined unit in the '258 Accused Products.

19

The FreeStyle T44/T24 LED System (**SYS-FT44U/SYS-FT24U**) consists of: FreeStyle T44/T24 LED Fixture plus 4 x FS-48 LED Tubes or 4 x FS-24 LED Tubes, Mounting Plate, FreeStyle 140X LED DMX Controller, and Extension Cable.

It was designed in this manner to allow the greatest flexibility in lighting solutions for challenging situations.

https://kinoflo.com/freestyle-t44-t24-led/

### **Willful Infringement**

66.    Upon information and belief, Defendant has had actual knowledge (or should have been aware) of the '258 Patent and its infringement since at least February of 2023 when Rotolight approached Chauvet to take a license to its intellectual property.

67.    Further, Defendant has had actual knowledge of the '258 Patent and its infringement since at least service of Plaintiff's Complaint.

68.    Although Defendant has  incorporated Plaintiff's patented technology as set forth in this Complaint, Defendant has no license to use the technology described in Plaintiff's technical materials and claims disclosed in the patents, which are assigned to Plaintiff.

69.    Defendant's risk of infringement of the Asserted Patents was either known or was so obvious that it should have been known to Defendant.

70.    Notwithstanding this knowledge, Defendant has knowingly or with reckless disregard willfully infringed the '258 Patent. Defendant has thus had actual notice of the infringement of the '258 Patent and acted despite an objectively high likelihood that their actions constituted infringement of Plaintiff's valid patent rights, either literally or equivalently.

71.    This objective risk was either known or so obvious that it should have been known to Defendant. Accordingly, Defendant's infringement has been and continues to be willful, and Plaintiff seeks enhanced damages pursuant to 35 U.S.C. §§ 284 and 285.

**Indirect, Induced, and Contributory Infringement**

72.    Defendant has induced and is knowingly inducing their distributors, customers, and/or end-users to directly infringe the '258 Patent, with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or equivalently.

73.    Defendant has knowingly contributed to direct infringement by their customers by having imported, sold, and/or offered for sale, and knowingly importing, selling, and/or offering to sell within the United States the '258 Accused Products which are not suitable for substantial non-infringing use and which are especially made or specially adapted for use by its customers in an infringement of the '258 Patent.

74.    Defendant's indirect infringement includes, for example, providing data sheets, technical guides, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end-users to directly infringe the '258 Patent.

75.    Defendant's indirect infringement additionally includes marketing their products for import by their customers into the United States. Defendant's indirect infringement further includes providing product specifications instructing its customers on infringing uses of the accused products. The '258 Accused Products are designed in such a way that when they are used for their intended purpose, the user infringes the '258 Patent, either literally or equivalently. Defendant knows and intends that customers who purchase the '258 Accused Products will use those products for their intended purpose. For example, Defendant's United States website, https://kinoflo.com, instructs customers to use the '258 Accused Products in numerous infringing applications. Defendant's customers directly infringe the '258 Patent when they follow

Defendant's provided instructions. Defendant specifically intends that their customers, such as United States distributors, retailers and consumer product companies, will import, use, and sell infringing products in the United States to serve and develop the United States market for Defendant's infringing products.

76.    Defendant knows following their instructions directly infringes claims of the '258 Patent and Defendant's customers who follow Defendant's provided instructions directly infringe the '258 Patent.

77.    As a result of Defendant's infringement, Plaintiff has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 US.C. § 284.

**COUNT THREE**
**INFRINGEMENT OF U.S. PATENT 10,845,044**

78.    Plaintiff incorporates by reference the allegations in all preceding paragraphs as if fully set forth herein.

79.    The '044 Patent, entitled "Lighting System and Control Thereof," was filed on April 7, 2017 and issued on November 24, 2020.

80.    Plaintiff is the assignee and owner of all rights, title, and interest to the '044 Patent, including the right to recover for past infringements, and has the legal right to enforce the patent, sue for infringement, and seek equitable relief and damages.

**Technical Description**

81.    The '044 Patent relates to a method for controlling a lighting device to produce user customisable lighting effects." '044 Patent, Abstract.

82.     The '044 Patent provides a technical solution to prior art problems by, among other improvements, eliminating the need for a separate flicker box, which is independent of a lighting device, that is used to produce flickering light effects to mimic flickering light for example from a fireplace, candle, electrical spark or lightning for on set television/broadcast production use. '044 Patent, 1:18-41.

## Direct Infringement

83.     Defendant, individually and collectively as a common business enterprise and without authorization or license from Plaintiff, has been and is directly infringing the '044 Patent, either literally or equivalently, as infringement is defined by 35 U.S.C. § 271, including through making, using (including for testing purposes), importing, selling, and offering for sale lighting devices that infringe one or more claims of the '044 Patent. Defendant, individually and collectively as a common business enterprise, develop, design, manufacture, sell, and distribute lighting devices that infringe one or more claims of the '044 Patent.  Defendant further provides services that practice methods that infringe one or more claims of the '044 Patent. Defendant is thus liable for direct infringement pursuant to 35 U.S.C. § 271. An exemplary infringing product includes, but is not limited to, the Kinoflo FreeStyle T44/T24 LED, Celeb 250,450,450Q,850, Diva-Lite 41/31/21, Diva-Lite 30/20, FreeStyle T44/T42/T41/T24/T22/T21, FreeStyle 41/31/21/Mini, Image L80/L40, Select 30/20,   and all other substantially similar products (collectively the "'044 Accused Products").

84.     Plaintiff names these exemplary infringing instrumentalities to serve as notice of Defendant's infringing acts, but Plaintiff reserves the right to name additional infringing products, known to or learned by Plaintiff or revealed during discovery, and include them in the definition of '044 Accused Products.

85.     Defendant is liable for direct infringement pursuant to 35 U.S.C. § 271 for the manufacture, sale, offer for sale, importation, or distribution of the '044 Accused Products and other similar products.

86.     The '044 Accused Products are non-limiting examples of  systems adapted to control at least one lighting device to produce a range of different user customisable lighting effects that meet all limitations of at least claim 12 of the '044 Patent, either literally or equivalently.

87.     The '044 Accused Products include an input interface adapted to receive user input of at least one user input simulation parameter to customize a lighting effect.



https://kinoflo.com/freestyle-t44-t24-led/

# FreeStyle T44/T24 LED Features

- Color Rendering TLCI >96, CRI >96, TM-30-18 Rf=95, Rg=103
- Kelvin presets
- Dial-in color temperature control between 2500K-9900K
- Green/Magenta Control
- Hue angle and Saturation adjustments
- Kino Flo presets and Gels
- RGB control
- CIE xy

- **FX Control**
- Camera Profiles LUTs
- Color Space
- Works with Apps with predetermined RGB presets or color wheels
- Can use preset buttons to store custom Kelvin settings
- Light levels do not change when selecting Kelvin settings
- No color shift while dimming
- Universal input 100VAC-240VAC or 24VDC
- Energy efficient, draws 1.25A, 120VAC and 6.25A, 24VDC
- Flicker-free, quiet operation
- Full range onboard and DMX dimming
- DMX wireless link (Lumen Radio®)
- DMX Auto Terminate
- The firmware is updatable from a PC using the Mini B USB data Port

https://kinoflo.com/freestyle-t44-t24-led/



*Operation Manual, True Match Firmware 5.0, p. 14*

88.    The '044 Accused Products also include a memory adapted to store said at least one user input simulation parameter, said at least one user input simulation parameter depending on the lighting effect being simulated:

---

## FX (Effects) Mode

FX mode  provides access to effects including Candle, Fire, TV, Police, Lightning, Paparazzi, Pulse and Scroll. Candle mode used as an example:

**A) FX Option:**
Choose the desired FX Mode by rotating the control knob. When on the desired effect, there will be several pre-programmed effects as well as control parameters that can be altered.

**B) Preset Buttons:**
In FX Mode, **Kelvin** custom settings and any control functions displayed such as **Rate** and **Amplitude (Ampl)** can be saved as a preset.  Chosen values can be assigned to any preset button by holding down the desired button for 3 seconds.  The Kelvin display will flash once the setting is registered.

To restore presets to default factory settings, choose **Reset** under **General** settings and **Clear Presets**.  This method will reset all buttons in all Modes. Shortcut: If only want to clear presets for **Candle** Mode, hold **Lock** button for 3 seconds while Candle mode is displayed.

---

***Operation Manual, True Match Firmware 5.0, p. 15***

89.    The '044 Accused Products include an effect simulator adapted to: recall from said memory said at least one stored user input simulation parameter; and calculate a time varying lighting value based on said recalled simulation parameter;

## FX (Effects) Mode

FX mode provides access to effects including Candle, Fire, TV, Police, Lightning, Paparazzi, Pulse and Scroll. Candle mode used as an example:

**A) FX Option:**
   Choose the desired FX Mode by rotating the control knob. When on the desired effect, there will be several pre-programmed effects as well as control parameters that can be altered.

**B) Preset Buttons:**
   In FX Mode, **Kelvin** custom settings and any control functions displayed such as **Rate** and **Amplitude (Ampl)** can be saved as a preset. Chosen values can be assigned to any preset button by holding down the desired button for 3 seconds. The Kelvin display will flash once the setting is registered.

   To restore presets to default factory settings, choose **Reset** under **General** settings and **Clear Presets**. This method will reset all buttons in all Modes. Shortcut: If only want to clear presets for **Candle** Mode, hold **Lock** button for 3 seconds while Candle mode is displayed.

*Operation Manual, True Match Firmware 5.0, p. 15*

90.    The effect simulator of the '044 Accused Products is further adapted to output said calculated time varying lighting value to the at least one lighting device thereby to simulate a lighting effect.

## 2 Fire Mode

Fire mode is to simulate a fire flame. In addition to dimming, the Kelvin can be set to a Kelvin range of 1400- 2500 Kelvin. Set the Kelvin range to a mid-point of the fire color of your choice and the fire color will change +/- 200 Kelvin.

There are 2 Types of fire mode pre-programmed, **Firepit** and **Gas Fireplace**.

The control parameters are **Rate** (1 to 20 Rate of flicker) and **Amplitude (Ampl)**. Amplitude scale is 1 to 100 with 100 equaling largest brightness change.

*Operation Manual, True Match Firmware 5.0, p. 17*

**FX (Effects):** The FX (Effects) mode allows the fixture to be used to simulate different effects such as candle, fire, tv, police, lightning, paparazzi, pulse and scroll. Each effect has multiple parameter settings to change the desired look of the effect.

Each of the DMX personalities allows color control using one of the above methods. There are a few other attributes of the personality that dictate the DMX operation.

*Operation Manual, True Match Firmware 5.0, p. 28*

**Willful Infringement**

91.    Upon information and belief, Defendant has had actual knowledge (or should have been aware) of the '044 Patent and its infringement since at least February of 2023 when Rotolight approached Chauvet to take a license to its intellectual property.

92.    Further, Defendant has had actual knowledge of the '044 Patent and its infringement since at least service of Plaintiff's Complaint.

93.    Although Defendant has incorporated Plaintiff's patented technology as set forth in this Complaint, Defendant has no license to use the technology described in Plaintiff's technical materials and claims disclosed in the patents, which are assigned to Plaintiff.

94.    Defendant's risk of infringement of the Asserted Patents was either known or was so obvious that it should have been known to Defendant.

95.    Notwithstanding this knowledge, Defendant has knowingly or with reckless disregard willfully infringed the '044 Patent. Defendant has thus had actual notice of the infringement of the '044 Patent and acted despite an objectively high likelihood that their actions constituted infringement of Plaintiff's valid patent rights, either literally or equivalently.

96.    This objective risk was either known or so obvious that it should have been known to Defendant. Accordingly, Defendant's infringement has been and continues to be willful, and Plaintiff seeks enhanced damages pursuant to 35 U.S.C. §§ 284 and 285.

**Indirect, Induced, and Contributory Infringement**

97.    Defendant has induced and is knowingly inducing their distributors, customers, and/or end-users to directly infringe the '044 Patent, with the specific intent to induce acts constituting infringement, and knowing that the induced acts constitute patent infringement, either literally or equivalently.

98.    Defendant has knowingly contributed to direct infringement by their customers by having imported, sold, and/or offered for sale, and knowingly importing, selling, and/or offering to sell within the United States the '044 Accused Products which are not suitable for substantial non-infringing use and which are especially made or specially adapted for use by its customers in an infringement of the '044 Patent.

99.    Defendant's indirect infringement includes, for example, providing data sheets, technical guides, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end-users to directly infringe the '044 Patent.

100.    Defendant's indirect infringement additionally includes marketing their products for import by their customers into the United States. Defendant's indirect infringement further includes providing product specifications instructing its customers on infringing uses of the accused products. The '044 Accused Products are designed in such a way that when they are used for their intended purpose, the user infringes the '044 Patent, either literally or equivalently. Defendant knows and intends that customers who purchase the '044 Accused Products will use those products for their intended purpose. For example, Defendant's United States website, https://kinoflo.com, instructs customers to use the '044 Accused Products in numerous infringing applications. Defendant's customers directly infringe the '044 Patent when they follow Defendant's provided instructions. Defendant specifically intends that their customers, such as United States distributors, retailers and consumer product companies, will import, use, and sell infringing products in the United States to serve and develop the United States market for Defendant's infringing products.

101.    Defendant knows following their instructions directly infringes claims of the '044 Patent and Defendant's customers who follow Defendant's provided instructions directly infringe the '044 Patent.

102.    As a result of Defendant's infringement, Plaintiff has suffered monetary damages, and is entitled to an award of damages adequate to compensate it for such infringement which, by law, can be no less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 US.C. § 284.

## VI.    NOTICE

103.    Plaintiff has complied with the notice requirement of 35 U.S.C. § 287. This notice requirement has been complied with by all relevant persons at all relevant times.

## VII.    JURY DEMAND

104.    Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and seeks relief against Defendant as follows:

A.    That the Court determined that one or more claims of the Asserted Patents is infringed by Defendant, both literally and under the doctrine of equivalents;

B.    That the Court determine that one or more claims of the Asserted Patents is indirectly infringed by Defendant;

C.    That the Court award damages, including lost profits, adequate to compensate Plaintiff for the patent infringement that has occurred, together with prejudgment and post-judgment interest and costs, and an ongoing royalty for continued infringement;

D.    That the Court permanently enjoin Defendant pursuant to 35 U.S.C. § 283;

E.       That the Court find this case to be exceptional pursuant to 35 U.S.C. § 285;

F.       That the Court determined that Defendant's infringements were willful;

G.       That the Court award enhanced damages against Defendant pursuant to 35 U.S.C.

§ 284;

H.       That the Court award reasonable attorneys' fees; and

I.       That the Court award such other relief to Plaintiff as the Court deems just and

proper.


Dated: March 30, 2023                                    Respectfully Submitted,

                                                        /s/ *Sean T. O'Kelly*
                                                        Sean T. O'Kelly (No. 4349)
                                                        Gerard M. O'Rourke (No. 3265)
                                                        O'KELLY & O'ROURKE, LLC
                                                        824 N. Market Street, Suite 1001A
                                                        Wilmington, DE 19801
                                                        (302) 778-4000
                                                        sokelly@okorlaw.com
                                                        gorourke@okorlaw.com

                                                        E. Leon Carter
                                                        lcarter@carterarnett.com
                                                        Texas Bar No. 03914300
                                                        Bradley D. Liddle
                                                        bliddle@carterarnett.com
                                                        Texas Bar No. 24074599
                                                        Scott W. Breedlove
                                                        sbreedlove@carterarnett.com
                                                        State Bar No. 00790361
                                                        Joshua J. Bennett
                                                        jbennett@carterarnett.com
                                                        Texas Bar No. 24059444
                                                        Theresa M. Dawson
                                                        tdawson@carterarnett.com
                                                        Texas State Bar No. 24565128
                                                        Nathan Cox
                                                        ncox@carterarnett.com
                                                        Texas Bar No. 24105751

CARTER ARNETT PLLC
8150 N. Central Expy, 5th Floor
Dallas, Texas 75206
Telephone No. (214) 550-8188
Facsimile No. (214) 550-8185

**ATTORNEYS FOR PLAINTIFF**